**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE PUERTO RICAN CABOTAGE ANTITRUST LITIGATION** | MDL DOCKET No. 3:08-md-1960 (DRD)<br>ALL CASES |

### MOTION OF THE UNITED STATES TO INTERVENE

TO THE HONORABLE COURT:

The United States, through the undersigned attorneys, respectfully moves this court for permissive intervention in the present matter, pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, so that it can join Certain Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss. The United States meets the criteria for permissive intervention because the instant case shares common questions of fact with an ongoing federal grand jury investigation, and courts routinely permit the government to intervene for the purposes of seeking discovery stays in such circumstances. Plaintiffs and defendants have been informed that the United States intends to seek to intervene, and they have raised no objection. This memorandum briefly sets forth the reasons why the United States should be allowed to intervene in this matter before the Court.

### DISCUSSION

Federal Rule of Civil Procedure 24(b)(1)(B) provides that a third party may intervene in an action when it "has a claim or defense that shares with the main action a common question of law

**In Re Puerto Rican Cabotage Antitrust Litigation**
**MDL Docket No. 3:08-md-1960 (DRD)**
**Motion of the United States to Intervene**
**Page 2**

or fact." Fed. R. Civ. P. 24(b)(1)(B). The First Circuit has held that permissive intervention "ordinarily must be supported by independent jurisdictional grounds." *Int'l Paper Co. v. Town of Jay*, 887 F.2d 338, 346 (1st Cir. 1989). However, when this requirement is met "the district court can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999). Factors the district court may consider include: (1) the nature and extent of the intervenor's interest; (2) whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties; (3) whether the applicant will benefit by the intervention; (4) whether the intervenor's interests are adequately represented by the other parties; and (5) whether the intervenor will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. *In re Acushnet River & New Bedford Harbor: Proceedings re Alleged PCB Pollution*, 712 F. Supp. 1019, 1023 (D. Mass. 1989).

Where there is an ongoing criminal investigation, courts have routinely allowed the government to intervene under Rule 24 for the purpose of seeking limitations of civil discovery. As the court in

In Re Puerto Rican Cabotage Antitrust Litigation
MDL Docket No. 3:08-md-1960 (DRD)
Motion of the United States to Intervene
Page 3

another civil antitrust class action found, "it appears well established that the government may intervene in a civil action for the purpose of limiting discovery when there is a parallel criminal proceeding involving a common question of law or fact." *In re Flash Memory Antitrust Litigation*, 2007 WL 3119612 (N.D. Cal. 2007) (citing cases).

In *Flash Memory*, the Antitrust Division was conducting a criminal investigation of the Flash Memory industry, and numerous civil cases were filed and consolidated that alleged conduct that was covered by the ongoing criminal investigation. *Id.* at *1. The court recognized that the factual overlap between the criminal investigation and civil suits was an appropriate basis for permissive intervention, and it granted the Antitrust Division's motion to intervene for the purpose of staying discovery. *Id.*

Similarly, in *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996), the government moved *ex parte* to intervene in a civil suit brought by immigrants against police officers for false imprisonment. *Id.* at 85. The court granted the motion to intervene since the government had an ongoing criminal investigation into the same conduct and there were "common questions of law and fact." *Id.*[1]

---

[1] *See also* Securities & Exchange Commission v. United States Realty and Improvement Co., 310 U.S. 434, 460 (1940) (the government "has a sufficient interest in the maintenance of its statutory authority and the

In Re Puerto Rican Cabotage Antitrust Litigation
MDL Docket No. 3:08-md-1960 (DRD)
Motion of the United States to Intervene
Page 4

The United States should be permitted to intervene in the instant case for the limited purpose of supporting Certain Defendants' Motion to Stay Discovery because, as in the cases cited above, there are common questions of law and fact between the government's ongoing criminal investigation and this present case. The instant case arises directly out of an ongoing criminal investigation of Jones Act freight shipments between the continental United States and non-contiguous states and territories, including Puerto Rico. As such, the cases will then necessarily share common questions of law and fact and contain common parties. Given the substantial overlap between the cases, and the fact that only the government can properly represent the effect of the instant case on its criminal investigation, this Court should allow the government to intervene under Fed. R. Civ. P. 24(b)(1)(B).

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all attorneys.

---

performance of its public duties to entitle it" to intervene); *Securities & Exchange Commission v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (holding that "[t]he [U.S. Attorney] had a discernable interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter"); *Philip Morris, Inc. v. Heinrich*, 1996 WL 363156, at *18 (S.D.N.Y. 1996) ("As a rule, district courts have allowed the government to intervene in civil actions, especially when the government wishes to do so for the limited purpose of moving to stay discovery."); *Securities & Exchange Commission v. Mersky*, 1994 WL 22305 (E.D. Pa. 1994) ("It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact."); *Securities & Exchange Commission v. Downe*, 1993 WL 22126, at *11 (S.D.N.Y. 1993).

**In Re Puerto Rican Cabotage Antitrust Litigation**
**MDL Docket No. 3:08-md-1960 (DRD)**
**Motion of the United States to Intervene**
**Page 5**

RESPECTFULLY SUBMITTED this 2nd day of February 2009.

        <u>s/John Terzaken</u>
        JOHN F. TERZAKEN, III
        FINNUALA M. KELLEHER
        MICHAEL L. WHITLOCK
        Trial Attorneys, Antitrust Division
        U.S. Department of Justice
        Natl Criminal Enforcement Section
        450 5th Street, NW Suite 11300
        Washington, D.C. 20530
        Telephone: (202) 307-0719
        Facsimile: (202) 514-6525

        ROSA EMILIA RODRIGUEZ VELEZ
        United States Attorney

        <u>s/Isabel Muñoz Acosta</u>
        ISABEL MUÑOZ ACOSTA
        Torre Chardón, Suite 1201
        350 Carlos Chardón Street
        San Juan, Puerto Rico 00918
        Telephone: (787) 766-5656
        Facsimile: (787) 766-6219
        E-Mail: Isabel.Munoz@usdoj.gov