IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: PUERTO RICAN CABOTAGE ANTITRUST LITIGATION | Master Docket No. 08-md-1960(DRD) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MOTION REQUESTING AWARD OF ATTORNEY'S FEES TO OBJECTORS**

TO THE HONORABLE COURT:

Come now plaintiffs V. Suárez, Inc., Central Produce El Jibarito, Inc. and Caribbean Produce Exchange, Inc., through undersigned counsel, and in accordance with Fed.R.Civ.P. 23(h) respectfully request an award of attorney's fees in the amount set forth below, and in support thereof state and pray as follows:

Introduction

In connection with this Court's preliminary approval of the proposed settlement with defendants in this case, the Notice to the Class approved by the Court included the following language:

> "Class counsel will ask the Court to authorize payment for attorneys' fees incentive awards to the class representatives, and reimbursement of litigation expenses for the Horizon, Crowley and Sea Star Settlement Funds. The Court will be asked to consider a petition requesting (i) payment of attorneys' fees not to exceed <u>one third</u> of each of the Horizon, Crowley and Sea Star Settlement Funds, <u>plus</u> the value of the non-cash portion of these Settlements; (ii) payment of incentive awards to each of the six class representatives, not to exceed a total of $20,000 each for all Settlements, to compensate them for their efforts in pursuing the Class Action; and (iii) reimbursement of reasonable litigation expenses from the Horizon and Sea Star Settlements and

>reimbursement of reasonable litigation expenses not to exceed $250,000 from the Crowley Settlement." (Emphasis added).

This notice announced Class Counsel's intention to request up to 33.3% of the gross settlement funds, consisting of $52,250,000 in cash plus the value of the non-cash portion, i.e. the "Base-Rate Freeze", as an award of attorney's fees.

In response, on October 11, 2010, the appearing parties ("the Objectors") filed their objection to that portion of the proposed settlement related to class counsel's request for attorneys' fees, incentive awards, and litigation expenses. (Docket No. 828). Specifically, the Objectors opposed as excessive an award in excess of ten percent (10%) of the cash portion of the settlement fund and also objected to an award of attorneys' fees based on a percentage of the non-cash portion of the settlements, in part because no value had been assigned to that portion, nor had a method to calculate it been disclosed.

Meanwhile, on November 2, 2010, Class Counsel formally filed their claim for attorney's fees (and costs), at which time they asked for an award of attorney's fees in the amount of $25 million dollars. (Docket No. 836). In addition, on November 15, 2010, Class Counsel filed their response to the appearing parties' objection to the proposed settlement. (Docket No. 855). Class Counsel argued that courts within the First Circuit frequently issued fee awards in the range of 20 to 30 percent of the entire settlement fund in common fund cases, and therefore, having valued the settlement fund at more than $150 million dollars, insisted on their request for $25 million in fees as reasonable and well within that percentage range.

On November 16, 2010, Objectors filed their Opposition to Counsel's Motion for Award of Attorneys Fees. (Docket No. 862). Objectors took issue with the value ascribed by Class Counsel to the Base Rate Freeze, and the methodology utilized to calculate such

value, as well as the data chosen and period used to calculate said amount. More importantly, Objectors argued that the alleged value of the base rate freeze should not be considered in awarding attorneys fees, or that it should be calculated only after the court knew how many plaintiffs opted for the BRF and the volume of Cabotage they purchased. Objectors continued to oppose a $25 million dollar award as excessive.

Oral argument on these motions was presented by undersigned counsel on November 18, 2010 as part of the Final Fairness Hearing held by this Court. (Docket No. 875).

On December 17, 2010, Objector V. Suarez filed its Motion Requesting Order requesting in pertinent part that Class Counsel be ordered to disclose the identity of those class members who actually opted for the BRF and the volume of their purchases of cabotage during the pertinent period, so as to allow the Court and class members to more accurately and realistically estimate the true value of the BRF as a portion of the settlement fund. (Docket No. 880).

In response to Objector's filings, on January 13, 2011 Class Counsel filed a supplemental brief in support of a petition for an award of attorney's fees ***whereby they modified and lowered their request by more than $3 million dollars***, to the revised amount of $21,950,000. (Docket No. 886). Moreover, Class Counsel's supplemental motion adopted Objector's arguments that an award, if based in part on the value of the BRF, should be calculated by including only the value of the BRF actually elected by class members. Class Counsel argued that in light of their modified request for a lower award, objector V. Suarez's Motion requesting Order was moot. (Docket No. 888).

3

This Court on January 14, 2011 issued an order finding as moot/denying without prejudice V. Suarez's Motion Requesting Order in light of the revised fee request by Class Counsel although it invited V. Suarez to renew its motion "presuming that the Court will award 33% of the actual value of the settlement fund…" (Docket No. 890).

On February 7, 2011, Objectors opposed the revised petition for an award of fees. (Docket No. 906). In their opposition to this motion by Objectors, Class Counsel owned up to the effect that Objector's filings had on their request for fees, stating: "***Because of the objections previously raised by the Objectors*** and the Court's reluctance to compute the award of attorney's fees on basis of benefits not actually claimed by Class members [as originally requested by Class Counsel], Co-Lead Class Counsel made the necessary computations of the value of the actual benefits to the Class ($68,850,000) and have requested a fee of 33 1/3 percent of the actual benefits, which amounts to $21,950,000." (Docket No. 910 at p. 9)(emphasis added).

On May 4, 2011 this Court issued a Minute order urging the parties to reach a compromise on the controversies surrounding the request for attorney's fees. (Docket No. 939).

<u>Objectors should be awarded attorney's fees.</u>

Fed.R.Civ.P. 23(h) governs the award of attorney's fees in class actions. According to the Advisory Committee Notes for the 2003 Amendment, Rule 23 "provides a format for all awards of attorney fees and nontaxable costs in connection with a class action, not only the award to class counsel. *In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class*, *such as* attorneys who acted for the class before certification but were not

4

appointed class counsel, *or attorneys who represented objectors to a proposed settlement under rule 23(e) or to the fee motion by class counsel*". (emphasis added).

"The court may award fees to objectors who provided services that contributed to an increase in the common fund available to the class, that aided the court's review of a class-action settlement, or that otherwise advanced the interests of the class or assisted the court." Annotated Manual for Complex Litigation, Fourth (D. Herr, 2010) §14.11.

Courts have long recognized that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements, and that they are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts. White v. Auerbach, 500 F.2d 822, 828 (2d Cir. 1974).

Objectors whose arguments result in a reduction of attorney fee and expense awards provide a benefit to the class. Gottlieb v. Barry, 43 F.3d 474, 491 (10th Cir. 1994); *accord* Uselton v. Commercial Lovelace Motor Freight, 9 F.3d 849, 854 (10th Cir. 1993) (affirming award of fees to objectors' counsel based on benefit conferred to class).

"The trial judge has broad discretion in deciding whether, and in what amount, attorneys' fees should be awarded, since he is in the best position to determine whether the participation of objectors assisted the court and enhanced the recovery." White v. Auerbach, 500 F.2d at 828.

As the parties agree, courts generally award fees based on a percentage of the fund in common fund cases such as this one. Annotated Manual for Complex Litigation, Fourth (D. Herr, 2010) §14.121. A district court in the First Circuit has "extremely broad" latitude to determine an appropriate fee award under the POF method. In Re Thirteen

Appeals Arising out of San Juan Dupont Plaza Hotel Fire Lit., 56 F.3d 295, 309 (1st Cir. 1995). Attorney fees awarded under the percentage method are often between 25% to 30% of the fund. Annotated Manual for Complex Litigation, Fourth (D. Herr, 2010) §14.121. In this case, this Court has recently indicated an inclination to award Class Counsel between 20% to 30% of the settlement fund as attorney's fees. (Docket No. 939).

As explained above, due to the efforts of Objectors, Class Counsel was forced to revise their request for attorney's fees to a significantly lower amount. The result is an increase in the funds available to the class in an amount slightly above three million dollars. In accordance with Fed.R.Civ.P. 23(h) and the case law cited above, Objectors whose work produced this beneficial result for the class are entitled to an award of attorney's fees.

To that end, Objectors respectfully request an award of 33 1/3 percent of the three million dollar fund secured for the benefit of the class by the actions of Objectors. This is the same percentage requested by Class Counsel from the settlement fund. It should be noted that while labeled an award of attorney's fees, such award will not go directly to the undersigned attorneys but rather will be part of the recovery derived by the Objector's as a result of this litigation.

In the alternative, should this Court award Class Counsel a lower amount in attorney's fees – something between 20% to 30% of the settlement fund, as recently advanced by the Court – Objectors request that their award be calculated on the same percentage basis.

Conclusion and Prayer

For the reasons stated above, Objectors respectfully request an award of attorney's fees in the amount of 33 1/3 percent of the three million dollar increase in the settlement fund available to the class as a result of their actions. In the alternative, Objectors request an award in the same percentage basis as whatever award is granted to Class Counsel in response to their request for attorney's fees.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants and attorneys of record.

**RESPECTFULLY SUBMITTED**.

At San Juan, Puerto Rico, this 26th day of May, 2011.

*s/Hiram Martínez López*
Hiram Martínez López
USDC NO. 119911
hmartinez@martinezlaw.org

Hiram Martínez López Law Offices
Centro de Seguros Bldg. Ste 413
701 Ponce de León Ave.
San Juan, PR 00907
Tel. 787-722-2373
Fax: 787-724-0353

*s/Adrián Sánchez Pagan*
Adrian Sánchez Pagan
USDC NO. 223311
asanchez@sbsmnlaw.com

Sánchez Betánces, Sifre & Muñoz Noya PSC
P.O. Box 364428
San Juan, PR 00936-4428
Tel. 787-756-7880
Fax: 787-753-6580

*s/ Luis A. Oliver*
Luis A Oliver
USDC NO. 209204
loliver@fgrlaw.com

*s/ Salvador Antonetti-Zequeira*
Salvador Antonetti-Zequeira
USDC NO. 113910
santonet@fgrlaw.com

Fiddler González & Rodríguez, PSC
P. O. Box 363507
San Juan, PR 00936-3507
Tel. 787-759-3150
Fax. 787-759-3109


Case 3:08-md-01960-DRD   Document 951   Filed 05/26/11   Page 8 of 8

#840209


8
